UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KATHY JONES; DONOVAN JONES, by his parent and
natural guardian KATHY JONES; and, TRENTON JONES,
by his parent and natural guardian KATHY JONES

                                              Plaintiffs,

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. ANGUS MACKENZIE,
SHIELD # 6284; P.O. JON DOE, SHIELD # 7204; P.O.
JOHN DOE, SHIELD # 27111; P.O. JOHN DOE, SHIELD
# 68222; P.O. JOHN DOE, SHIELD # 21837; the individual
defendants sued individually and in their official capacities,

                                              Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

08-cv-4512 (DLC) (

ECF CASE

<u>Jury Trial Demanded</u>

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about November 15, 2007. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest and imprisonment, retaliation for free speech, unlawful search and seizure, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conversion of chattels, property damage and damage to fixtures, unlawful strip search, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent

hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Notices of Claim were duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiffs' claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Kathy Jones is a citizen of the State of New York, County of New York. Plaintiff Kathy Jones is the parent and natural guardian of plaintiff Donovan Jones and plaintiff Trenton Jones. Plaintiffs Donovan Jones and Trenton Jones are both citizens of the State of New York, County of New York.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiffs' rights as described herein.

8. Defendant P.O. Angus MacKenzie, Shield # 6284 is a New York City Police Officer assigned to the OCCGB/ CHI who violated plaintiffs' rights as described herein.

9. Defendant P.O. John Doe, Shield # 7204 is a New York City Police Officer assigned to the OCCGB/ CHI who violated plaintiffs' rights as described herein.

10. Defendant P.O. John Doe, Shield # 27111 is a New York City Police Officer assigned to the OCCGB/ CHI who violated plaintiffs' rights as described herein.

11. Defendant P.O. John Doe, Shield # 68222 is a New York City Police Officer assigned to the OCCGB/ CHI who violated plaintiffs' rights as described herein.

12. Defendant P.O. John Doe, Shield # 21837 is a New York City Police Officer assigned to the OCCGB/ CHI who violated plaintiffs' rights as described herein.

13. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

14. The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiffs' claims against the defendants. Plaintiffs have not set forth each and every fact concerning the incident(s) described below.

**Plaintiff Kathy Jones**

15. On November 15, 2007 at approximately 12:00 p.m., at 2799 8th Avenue, Apartment 3B, New York, New York, the defendants, including P.O. Angus MacKenzie, P.O.

John Doe, Shield # 7204, P.O. John Doe, Shield # 27111, P.O. John Doe, Shield # 68222, P.O. John Doe, Shield # 21837, upon information and belief, assigned to the OCCB/CHI, illegally entered plaintiff Kathy Jones' home and intentionally damaged Ms. Jones' personal property and the fixtures in the apartment.

16. As a result of the defendant police officers' actions, Ms. Jones experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

17. The City of New York was aware prior to the aforesaid incident that the defendant officers who violated Ms. Jones' rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the City of New York declined to take remedial action.

**Plaintiff Donovan Jones**

18. On November 15, 2007 at approximately 12:00 p.m., at 2799 8th Avenue, Apartment 3B, New York, New York, the defendants, including P.O. Angus MacKenzie, P.O. John Doe, Shield # 7204, P.O. John Doe, Shield # 27111, P.O. John Doe, Shield # 68222, P.O. John Doe, Shield # 21837, upon information and belief, assigned to the OCCB/CHI, illegally seized, assaulted and battered, and subjected plaintiff Donovan Jones to excessive force, without cause or justification, by, among other things, grabbing plaintiff Donovan Jones, twisting his arms, placing excessively tight handcuffs on his wrists, and drawing a firearm at him. Those officers who did not touch plaintiff Donovan Jones failed to protect him from these actions. When plaintiff Donovan Jones complained that the defendant officers' actions were illegal, the defendant officers increased their level of mistreatment. In addition, the defendant officers intentionally damaged plaintiff Donovan Jones' personal property and fixtures in the apartment.

19. Thereafter, the defendant police officers illegally seized plaintiff Donovan Jones and, without consent, an arrest warrant, a search warrant, or reasonable suspicion to believe that plaintiff Donovan Jones (or any third party) had committed any crime, falsely arrested plaintiff Donovan Jones

20. The defendant police officers then brought plaintiff Donovan Jones to a precinct where the OCCB/CHI command operates.  While plaintiff Donovan Jones was at the precinct, he was subjected to the NYPD's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause.  Plaintiff Donovan Jones was subjected to a non-private strip search in front of numerous non-essential NYPD employees and other detainees without justification, cause or reason.

21. The fact that the strip search of plaintiff Donovan Jones was carried out in a non-private manner is sufficient in and of itself to violate the Constitution.  It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner.  A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

22. Thereafter, plaintiff Donovan Jones was brought to New York Central Booking in New York, New York.

23. While at New York Central Booking plaintiff Donovan Jones was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

24. The guards and personnel assigned to New York Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

25. In addition, while plaintiff was at the precinct and New York Central Booking, the defendant police officers, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes.

26. Based on the defendants' false allegations, the New York County District Attorney's Office chose to prosecute plaintiff Donovan Jones.

27. As a result of the defendant officers' actions, plaintiff Donovan Jones experienced personal and physical injuries (including bruises and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

28. The City of New York was aware prior to the aforesaid incident that the defendant officers who violated plaintiff Donovan Jones' rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the City of New York declined to take remedial action.

**Plaintiff Trenton Jones**

29. On November 15, 2007 at approximately 12:00 p.m., at 2799 8th Avenue, Apartment 3B, New York, New York, the defendants, including P.O. Angus MacKenzie, P.O. John Doe, Shield # 7204, P.O. John Doe, Shield # 27111, P.O. John Doe, Shield # 68222, P.O. John Doe, Shield # 21837, upon information and belief, assigned to the OCCB/CHI, illegally seized, assaulted and battered, and subjected plaintiff Trenton Jones to excessive force, without cause or justification, by, among other things, grabbing plaintiff Trenton Jones, twisting his arms, placing excessively tight handcuffs on his wrists, and drawing a firearm at him. Those officers who did not touch plaintiff Trenton Jones failed to protect him from these actions. When plaintiff Trenton Jones complained that the defendant officers' actions were illegal, the

defendant officers increased their level of mistreatment. In addition, the defendant police officers intentionally damaged plaintiff Trenton Jones' personal property and fixtures in the apartment.

30. As a result of the defendant officers' actions, plaintiff Trenton Jones experienced personal and physical injuries (including bruises and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

31. The City of New York was aware prior to the aforesaid incident that the defendant officers who violated plaintiff Trenton Jones' rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the City of New York declined to take remedial action.

**All Plaintiffs**

32. The individual defendants acted in concert committing these illegal acts against plaintiffs.

33. Plaintiffs did not resist arrest at any time during the above incidents.

34. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiffs had engaged in suspicious, unlawful or criminal conduct.

35. The aforesaid events were not an isolated incident. Defendant Commissioner Raymond W. Kelly has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers and employees are insufficiently trained on the proper way to use force, search arrestees and/or

detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Commissioner Raymond W. Kelly is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly has failed to take corrective action. This failure caused the defendant police officers in the present case to violate the plaintiffs' civil rights.

36. Moreover, Commissioner Raymond W. Kelly was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Raymond W. Kelly has retained these officers and employees, and failed to adequately train and supervise them.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

37. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

38. The conduct of the defendant officers, as described herein, amounted to false arrest and imprisonment, retaliation for free speech, unlawful search and seizure, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conversion of chattels, property damage and damage to fixtures, unlawful strip search, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

39. The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution, and New York State law, by committing false arrest and imprisonment, retaliation for free speech, unlawful search and seizure, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conversion of chattels, property damage and damage to fixtures, unlawful strip search, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

40. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

41. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Ms. Jones experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

42. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Donovan Jones experienced personal and physical injuries (including bruises and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

43. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Trenton Jones experienced personal and physical injuries (including bruises and

contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

44. The plaintiffs are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

### FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

45. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants Raymond W. Kelly is liable, in his official capacity, to plaintiffs because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

47. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

48. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

49. The aforesaid conduct by defendant Kelly violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers and employee, failing to adequately discipline the defendant subordinate

officers, failing to adequately investigate prior complaints against the defendant subordinate officers and employee either at the facilities where the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

50. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Ms. Jones experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

51. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Donovan Jones experienced personal and physical injuries (including bruises and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff Trenton Jones experienced personal and physical injuries (including bruises and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

53. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST
THE CITY OF NEW YORK**

54. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

55. The City of New York directly caused the constitutional violations suffered by plaintiffs.

56. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

57. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

58. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

60. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
                 May 14, 2008

                                           MICHAEL P. KUSHNER, ESQ.

                                           *Attorney for Plaintiff*
                                           350 Fifth Avenue, 68th Floor
                                           New York, New York 10118
                                           212.378.4326
                                           mkushner@blanch-law.com

                                           By:

                                           _____
                                           MICHAEL P. KUSHNER (MK-6117)