```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KATHY JONES; DONOVAN JONES, by his parent
and natural guardian KATHY JONES; and
TRENTON JONES, by his parent and natural
guardian KATHY JONES,

**INFANT'S COMPROMISE ORDER**

08-CIV-4512 (DLC)(MHD)

Plaintiffs,

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. ANGUS
MACKENZIE, SHIELD #6284; P.O. JON DOE,
SHIELD #7204; P.O. JOHN DOE, SHIELD #27111;
P.O. JOHN DOE, SHIELD #68222; P.O. JOHN
DOE, SHIELD #21837; the individual defendants
sued individually and in their official capacities;

Defendants.

-------------------------------------------------------------------x

Upon reading and filing the Petition of KATHY JONES, duly verified and acknowledged on the 10th day of July, 2009, the annexed Affirmation of JAMES COSTO, ESQ., dated July 10, 2009; and the infants, ~~DONOVAN JONES and~~ for Donovan and Trenton Jones TRENTON JONES, petitioner and their attorneys having appeared and been examined by the Court on _July 31_, 2009, and it appearing that the said infant plaintiff DONOVAN JONES, was born on July 22, 1991, and said infant plaintiff TRENTON JONES was born on September 5, 1993, and that the best interest of the infant plaintiffs will be served by the acceptance of an offer of $19,000 on behalf of defendants, THE CITY OF NEW YORK, COMMISSIONER RAYMOND W. KELLY, P.O. ANGUS MACKENZIE, SHIELD #6284; P.O. JON

DOE, SHIELD #7204; P.O. JOHN DOE, SHIELD #68222; P.O. JOHN DOE, SHIELD #21837; the individual defendants sued individually and in their official capacities (hereinafter "defendants"), which offer is fair and reasonable, and the infant plaintiffs' parent and natural guardian KATHY JONES having waived her claims,

NOW, on motion of the LAW OFFICE OF JAMES COSTO, the attorneys for plaintiffs, it is hereby

ORDERED, that the Parent and Natural Guardian KATHY JONES be and hereby is authorized to enter into a compromise of the infant plaintiffs' cause(s) of action upon compliance with the following terms of this Order:

That the defendants pay the sum of NINETEEN THOUSAND ($19,000) DOLLARS in settlement of the cause of action on the infant plaintiffs in the following manner:

1. The sum of $4,000.00 to the LAW OFFICE OF JAMES COSTO, attorneys of plaintiffs, representing their legal fee for services rendered herein, inclusive of disbursements; and

2. The sum of $10,000 to ~~KATHY JONES, the mother and natural guardian of infant plaintiff,~~ DONOVAN JONES, date of birth July 22, 1991, to be deposited at ~~jointly with an officer of the Apple Bank for Savings, located at Wall Street Plaza, New York,~~

~~New York, and said funds to be deposited in said Bank and held therein for the sole use and benefit of said infant~~ *Donovan Jones*.

In the event that defendants' settlement funds are available and made payable after plaintiff DONOVAN JONES attains the age of eighteen (18), on July 22, 2009, then payment of the sum of $10,000 shall be made payable directly to plaintiff DONOVAN JONES; and [struck through]

3.   the sum of $5,000 to KATHY JONES, the mother and natural guardian of infant plaintiff, TRENTON JONES, date of birth September 5, 1993, jointly with an officer of the Apple Bank for Savings, located at Wall Street Plaza, New York, New York, and said funds to be deposited in said Bank and held therein for the sole use and benefit of said infant.

*$500 may be used to pay for school fees, including a uniform, for Trenton Jones.*

Said funds shall be deposited therein in the above bank in the name of said parent and natural guardian to the credit and for the sole use and benefit of the infant plaintiff(s) aforesaid in an account paying the highest rate of interest available. Time deposit account shall be subject to renewal upon maturity at the discretion of the parent and natural guardian, except that the date of maturity shall not extend beyond the date when said infant(s) attain(s) the age of eighteen (18) years. No withdraws shall be made from said

account before the infant(s) reach(es) the age of eighteen (18) years, except upon further Order of the Court; and it is further

ORDERED that the proceeds of such compromise and settlement be held by the depository herein which shall pay over to the said infant(s) when said infant(s) reach(es) the age of eighteen (18) years all monies held in the account wherein such proceeds have been deposited, upon the infant's demand thereof, on presentation of proof of age, pursuant to Section 1208 of the Civil Practice Law and Rules, effective July 1, 1967, and it is further

ORDERED, that that filing of a bond be and the same is hereby dispensed with, and it is further

ORDERED, that upon full compliance with the terms of this Order, the Parent and Natural Guardian be and she hereby is authorized to deliver releases and any and all papers necessary to effectuate such settlement and collect such monies.

ENTER

July 31, 2009

_____
District Judge Denise L. Cote

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KATHY JONES; DONOVAN JONES, by his
parent and natural guardian KATHY JONES; and          08-CIV-4512 (DLC)(MHD)
TRENTON JONES, by his parent and natural
guardian KATHY JONES,

                                            Plaintiffs,

      -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. ANGUS
MACKENZIE, SHIELD #6284; P.O. JON DOE,
SHIELD #7204; P.O. JOHN DOE, SHIELD
#27111; P.O. JOHN DOE, SHIELD #68222; P.O.
JOHN DOE, SHIELD #21837; the individual
defendants sued individually and in their official
capacities;

                                            Defendants.
------------------------------------------------------------------x

TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

The petition of KATHY JONES respectfully shows:

**FIRST:** I am the mother and natural guardian of the infant plaintiffs DONOVAN JONES, date of birth, July 22, 1991, and TRENTON JONES, date of birth, September 5, 1993. I, together with the infant plaintiffs, reside at 435 Blake Avenue, Second Floor, Brooklyn, New York 11212.

**SECOND:** The claims of the infant plaintiffs are to recover damages for, *inter alia*, the violation of their civil rights secured by 42 U.S.C. §§1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which

occurred on or about November 15, 2007. During the incident, the City of New York and members of the New York City Police Department ("NYPD") subjected the infant plaintiffs to, among other things, false arrest and imprisonment, unlawful search and seizure, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, property damage and negligence.

**THIRD:** The incident occurred on November 15, 2007, at approximately 12:00 p.m. at 2799 8th Avenue, Apartment 3B, New York, New York, when defendants, including P.O. Angus Mackenzie, P.O., illegally entered plaintiffs' home, intentionally damages plaintiffs' personal property, illegally seized, assaulted and battered, and subjected the infant plaintiffs DONOVAN JONES and TRENTON JONES to excessive force, without cause or justification, and drew firearms upon the infant plaintiffs.

**FOURTH:** In connection with this matter, petitioner initially retained THE BLANCH LAW FIRM as their attorneys on behalf of herself and the infant plaintiffs. Thereafter, THE LAW OFFICE OF JAMES COSTO was subsequently retained with your petitioner's consent as counsel.

**FIFTH:** After extensive settlement negotiations, including appearing before the Hon. Magistrate Judge Michael H. Dolinger, an offer of settlement was made in the total sum of $19,000, on behalf of respondent.

**SIXTH:** I believe that in view of all the circumstances herein, that it would be in the best interest of the infant plaintiffs to accept the offer of compromise, it being in my opinion fair and reasonable considering the liability and the injuries sustained.

**SEVENTH:** Petitioner's attorneys were retained herein on a contingency fee basis and were to receive as compensation such sum as the Court might fix, together with return to them of such disbursements as they might have advanced. I have been advised that my attorneys LAW OFFICE OF JAMES COSTO are requesting a fee of the sum of $4,000, inclusive of any/all disbursements, and I consent to the payment of said fee, accordingly.

**EIGHTH:** I have no interest adverse to that of the infant plaintiffs and I am in no way connected with the defendants herein, directly or indirectly, and I am not to and I have not received any monies from the defendants by way of costs, allowances or otherwise, except as previously stated.

**NINTH:** There is no other action pending in any Court on behalf of the infant plaintiffs herein for the injuries sustained in the incident herein and no previous application has been made to any Court or Judge for the relief sought herein.

**WHEREFORE,** it is respectfully requested that the annexed Order be made allowing the compromise herein.

Dated: July _10_, 2009

                                                                                                          _____
                                                                                                          KATHY JONES

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF NEW YORK   )

KATHY JONES, being duly sworn, says:

That she is mother and natural guardian of DONOVAN JONES and TRENTON JONES, the infant plaintiffs in the within action. That she has read the foregoing Petition and knows the contents thereof. That the same is true to her own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

                                                  KATHY JONES

Sworn to before me this
    day of July, 2009

Notary Public



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KATHY JONES; DONOVAN JONES, by his
parent and natural guardian KATHY JONES; and     08 CV 4512 (DLC)(MHD)
TRENTON JONES, by his parent and natural
guardian KATHY JONES,

                                                                           **Plaintiffs,**

          -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. ANGUS
MACKENZIE, SHIELD #6284; P.O. JON DOE,
SHIELD #7204; P.O. JOHN DOE, SHIELD
#27111; P.O. JOHN DOE, SHIELD #68222; P.O.
JOHN DOE, SHIELD #21837; the individual
defendants sued individually and in their official
capacities;

                                                                           **Defendants.**
-----------------------------------------------------------------x

      JAMES COSTO, an attorney duly admitted to practice in the United States District Court, Southern District of New York, affirms the following under penalties of perjury:

      **FIRST:** I am the attorney of record for plaintiffs, and I am a member of the Law Office of James Costo, said office located at 32 Broadway, Suite 1710, New York, New York 10004.

      **SECOND:** The claims of the infant plaintiffs are to recover damages for, *inter alia*, the violation of their civil rights secured by 42 U.S.C. §§1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which

occurred on or about November 15, 2007. During the incident, the City of New York and members of the New York City Police Department ("NYPD") subjected the infant plaintiffs to, among other things, false arrest and imprisonment, unlawful search and seizure, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, property damage and negligence.

**THIRD:** The incident occurred on November 15, 2007, at approximately 12:00 p.m. at 2799 8th Avenue, Apartment 3B, New York, New York, when defendants, including P.O. Angus Mackenzie, P.O., illegally entered plaintiffs' home, intentionally damages plaintiffs' personal property, illegally seized, assaulted and battered, and subjected the infant plaintiffs DONOVAN JONES and TRENTON JONES to excessive force, without cause or justification, and drew firearms upon the infant plaintiffs.

**FOURTH:** In connection with these claims, petitioner initially retained THE BLANCH LAW FIRM as her attorney on behalf of the infant plaintiffs and herself.

**FIFTH:** In January, 2009, the LAW OFFICE OF JAMES COSTO was retained to substitute THE BLANCH LAW FIRM as the attorney of record for plaintiffs.

**SIXTH:** On or about February 5, 2009, Corinne Pascariu, Esq. of the LAW OFFICE OF JAMES COSTO, filed a Notice of Appearance, indicating that the LAW OFFICE OF JAMES COSTO had been retained to represent plaintiffs in the place and stead of THE BLANCH LAW FIRM.

**SEVENTH:** After extensive settlement negotiations, including a settlement conference before The Hon. Magistrate Judge Michael H. Dolinger, an offer of settlement was made in the sum of $19,000, on behalf of the defendants THE CITY OF NEW

YORK, COMMISSIONER RAYMOND W. KELLY, P.O. ANGUS MACKENZIE, SHIELD #6284; P.O. JON DOE, SHIELD #7204; P.O. JOHN DOE, SHIELD #27111; P.O. JOHN DOE, SHIELD #68222; and P.O. JOHN DOE, SHIELD #21837, the individual defendants sued individually and in their official capacities.

**EIGHTH:** I believe that in view of all the circumstances herein, that it would be in the best interest of the infant to accept the offer of compromise, and I have so advised petitioner. The reason for my recommending the proposed compromise is due to the liability and injuries sustained.

**NINTH:** Petitioner's attorneys were retained herein on a contingent fee basis and were to receive as compensation such sum as the Court might fix, together with the return to them of such disbursements as they might have advanced.

**TENTH:** After being retained herein, the following services were rendered: interviewing clients, obtaining of arrest records; reviewing case file from THE BLANCH LAW FIRM; extensive settlement negations; attending the settlement conferences before The Hon. Magistrate Judge Michael H. Dolinger; and preparation of these papers.

**ELEVENTH:** Petitioner had signed a retainer agreement wherein she agreed to pay the LAW OFFICE OF JAMES COSTO a contingency fee one-third of the plaintiffs' recovery, known as the one-third retainer. However, the LAW OFFICE OF JAMES COSTO agreed with petitioner to accept a lesser fee of $4,000, instead of the one-third retainer, which would have been $6,333.33.

**TWELFTH:** Neither your affirmant, nor the LAW OFFICE OF JAMES COSTO have any interest adverse to that of the infant plaintiffs herein, and your affirmant and the LAW OFFICE OF JAMES COSTO have not and are not to receive any compensation

from the defendants directly or indirectly, except as provided for in the compromise proceedings.

**THIRTEENTH:** There is no other action pending in any Court on behalf of the infant petitioner herein for the injuries sustained in the occurrence herein, and no previous application has been made to any Court or Judge for the relief sought herein.

**FOURTEENTH:** That Petitioner KATHY JONES completed Affidavits of No Liens, attesting that she had been a recipient of public assistance from the New York City Department of Social Services, and General Releases. These documents, together with the Stipulation and Order of Settlement and Discontinuance were returned to the Michael A. Cardozo, Corporation Counsel of the City of New York, located at 100 Church Street, New York, New York 10007, on or about June 17, 2009. Upon information and belief, the executed documents have been forwarded to the Court.

**WHEREFORE**, it is respectfully requested that the annexed Order be made allowing the compromise herein.

Dated: New York, New York
July 10, 2009

_James Costo_
JAMES COSTO